FILED _____ LODGED
_____ RECEIVED _____ COPY

MAR 2 0 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

Damon  Stepp
4808 W. Mooresville Road
Indianapolis, IN 46221
(317) 493-9514

# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Damon  Stepp,

                Plaintiff,

v.

Goodwill Industries of Arizona,

                Defendant(s).

CASE NUMBER:  **CV24-00598-PHX-DWL**

**COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. This employment discrimination lawsuit is based on.

1. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq., for employment discrimination on the basis of race, color, religion, gender, or national origin.

2. Other: 42 U.S.C. § 1981 (Civil Rights Act of 1866)

The plaintiff at the time of the incidents identified in this action was a resident of Mesa, Maricopa County, AZ, and a citizen of the United States. The defendant, Goodwill Industries of Arizona, is a non-profit corporation located at 2626 Beryl Avenue in Phoenix, Arizona, located in the United States. The cause of action arose in the Phoenix division.

## Employment Discrimination Complaint

The conduct complained of in this lawsuit involved the following:

Termination of my employment; Failure to promote; Retaliation; Terms and conditions of employment differ from those of similar employees.

The conduct(s) above is referred to in the charge of discrimination. I believe I was discriminated against because of my: Race; Religion; Other: Retaliation

The reason(s) above is referred to in the charge of discrimination. The discriminatory conduct occurred at the defendant's address from on or around February to May of 2022. On February 21, 2022, I was hired by Goodwill of Northern & Central Arizona as an assistant retail store manager. On or around February 23, 2022, I requested a religious accommodation in observance of the Sabbath day from Friday sundown to Saturday sundown. This religious accommodation was not fully provided. The religious accommodation was not granted based on the criteria listed on the accommodation request. My manager, Juan Ortiz scheduled my work hours during the exact times I requested to be off. When I pointed this out, Ortiz and the company took no action to correct my schedule to align with the correct times listed in my accommodation. It was not until I was transferred to a different store by district manager Corey Gonzalez was my request fully granted.   In March of 2022, I mentioned to my store manager, Juan Ortiz, that Goodwill had no Black employees in middle or upper management but had plenty of Mexicans and Whites. Ortiz, a Mexican and the lead store manager told me that I was not allowed to talk about the fact middle and upper management had no Black employees and he told me to stop.   In or around March of 2022 I reported issues to my district manager (Corey Gonzalez) and employee relations rep (Jay Rhiele) about the problems I had with Ortiz relating to my religious accommodation and other issues of bias and discrimination. I reported Ortiz's discriminatory and disparaging comments about employees with disabilities, Ortiz's comments about me not speaking about the company's lack of Black leadership in middle and upper management, and Ortiz's refusal to provide me with adequate management training after I made these various complaints. During this meeting, I also requested to be transferred to a store that had a Black female lead manager. I also reported unsafe working conditions relating to donated items I and the employees I managed were forced to take from donors. These items were often soiled in animal feces and urine. During my tenure at Goodwill, I developed a bacterial infection from coming in contact with such items. In or around April of 2022 I visited the emergency room at Banner Hospital in Mesa Arizona where I was told to have my finger treated immediately or it would have to be amputated. I reported this injury to Goodwill, but they refused to pay for the hospital bill.  Due to the whistle-blower and retaliatory components of my complaint, I requested to be transferred to a store to work under a Black female manager. This request was denied, and I was transferred to a store working with two white managers.  In or around April of 2022 I was denied promotion to at least three internal middle management positions. According to the Hiring recruiter (Daniel Shaw) I spoke with I was qualified for these positions. These denials for internal positions all came after the submission of my discrimination complaints. All three positions were in the middle management area that had no Black employees and were in the same areas which I was told I could not speak about not having Black managers by Ortiz.

2

From late April to early May of 2022, while working under two white managers, I reported major violations of company policies by retail associates and a customer service manager. I reported these violations to my management team (Korey), district management (Al), and human resources.

On or around May 6, 2022, I was retaliated against by Goodwill Industries of Arizona when I was terminated from my assistant management position under the pretense of refusing to do my job. I believe that Goodwill terminated my employment in retaliation for my complaints about racial bias/discrimination, disability bias/discrimination, religious accommodation bias/discrimination, disparate treatment bias/discrimination, requesting to be transferred to a store to work under a Black female manager, and because I reported the hazardous working conditions that almost caused me to have one of my fingers amputated.

## Demand

I respectfully request that the court grant me the following relief:

1. Back pay covering wages from the time of my termination to the start of my new employment position;

2. Compensatory damages for lost wages, pain and suffering, and other measurable losses;

3. Punitive damages for intentional retaliation via my wrongful termination from the company. And for allowing and creating a hazardous and hostile working environment that required me to seek medical attention to prevent the amputation of a finger;

4. Stepp respectfully asks for damages in an amount to be determined by a jury;

5. Reasonable attorney and expert fees, should Stepp find an attorney to represent him versus litigating Pro Se, and any costs involving this action as a result of obtaining representation;

6. An injunction against Goodwill of Northern & Central Arizona and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with Goodwill of Northern & Central Arizona prohibiting Goodwill of Northern & Central Arizona from further engaging in unlawful discrimination against current and former African American employees or anyone else who could be witnesses in this case;

7. A reasonable sum for emotional distress caused by disparate treatment, the embarrassment of being retaliated against and wrongfully terminated in front of my peers and coworkers after reporting various incidents of discrimination and bias. The Plaintiff requests a trial by jury.

**Administrative Procedure**

I have filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency on 05/10/2022. I have received a Notice of Right to Sue Letter (attached).


Date: _March 19, 2024_          _____
                                Damon  Stepp
                                4808 W. Mooresville Road
                                Indianapolis, IN 46221
                                (317) 493-9514

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Albuquerque Area Office**
500 Gold Avenue, S.W., Suite 6401
P.O. Box 128
Albuquerque, NM 87103
(505) 738-6721
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/21/2023

**To:** Mr. Damon P. Stepp
4808 W. Mooresville Rd.
Indianapolis, IN 46221

Charge No: 540-2022-02953

EEOC Representative and email:    JAVIER GARCIA
EEO Investigator
javier.garcia@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 540-2022-02953.

On behalf of the Commission,

Digitally Signed By:April Klug
12/21/2023
April Klug
Area Office Director

**Cc:**

Mona Stone
Goodwill Industries of Central Arizona
2626 W. Beryl Ave.
Phoenix, AZ 85021

Please retain this notice for your records.