WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Damon Stepp, | No. CV-24-00598-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Goodwill Industries of Arizona, et al., | |
| Defendants. | |

Plaintiff Damon Stepp previously worked as an assistant manager for defendant Goodwill of Central and Northern Arizona. Stepp filed this suit alleging Goodwill "engaged in wrongful termination, retaliation, hiring, promotion, religious, race, and disability discrimination." (Doc. 22 at 2.) The operative complaint alleges seven claims:

1. Race discrimination under Title VII;
2. Religious discrimination under Title VII;
3. Disability discrimination under the Americans with Disabilities Act;
4. "Failure to Hire/Promote" under Title VII;[1]
5. Wrongful termination under Title VII;
6. Retaliation under Title VII;
7. "Racial discrimination and retaliation" under 42 U.S.C. § 1981.

---

[1] A claim for failure to hire may differ from a claim for failure to promote. *See, e.g.*, *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 159 (1982) (plaintiff pursuing failure to promote claim cannot represent class alleging failure to hire). But Stepp was already an employee at the time of the relevant events and his allegations appear to treat "failure to hire" and "failure to promote" as referring to the same events of being denied promotions.

On July 19, 2024, Goodwill filed a motion to dismiss. (Doc. 21.) That motion seeks dismissal of the claims involving race discrimination under Title VII and 42 U.S.C. § 1981 (claim one and part of claim seven), the claim involving disability discrimination (claim three), and the failure to hire/promote claim (claim four). The limited scope of the motion means Goodwill is not seeking dismissal of the claims for religious discrimination (claim two), wrongful termination (claim five), retaliation (claim six), or the portion of claim seven involving retaliation.

Stepp's response to the motion to dismiss was due August 2, 2024. No response was filed. On August 7, 2024, Goodwill filed a notice that the response deadline had expired without any filing. Goodwill also stated it had not had any communication with Stepp since July 19. Stepp did not file a response to the August 7 filing and has not filed anything else. Pursuant to Local Rule 7.2(i), Stepp's failure to file a response to a motion to dismiss may be deemed a consent to the granting of the motion. The court grants the motion on that basis but alternatively also grants the motion on its merits. The lack of response means only a brief explanation is required.

Stepp has failed to state a claim for race discrimination because the amended complaint does not provide any factual allegations regarding how a similarly-situated individual was treated more favorably. *See Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). It appears Stepp bases his race discrimination claims on Goodwill's rejection of his request to be transferred "to a store operated by a female African American and/or Black manager." (Doc. 22 at 7.) Stepp argues a "female Hispanic manager" was "granted a transfer to a store of her choosing." (Doc. 22 at 8.) In addition, a "male Hispanic manager in training . . . was transferred" to a location closer to his home. (Doc. 22 at 8.) But Stepp was an assistant manager and the complaint does not include factual allegations establishing that position was sufficiently similar to the positions of manager and "manager in training." *See Weil v. Citizens Telecom Servs. Co.,* 922 F.3d 993, 1004 (9th Cir. 2019) (because plaintiff and comparator employee must be "similarly situated . . . in all material respects, plaintiff must allege facts showing they have "similar jobs and display similar

conduct") (quotations omitted). In other words, allowing transfers by a manager and a manager in training does not suggest the denial of Stepp's transfer was due to his race.

Identifying a sufficiently-similar individual who was treated more favorably is a necessary part of plaintiff's burden to identify facts showing a prima facie case of discrimination under the burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Of course, "an employment discrimination plaintiff need not *plead* a prima facie case of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) (emphasis added). But here there are no factual allegations establishing similarity between Stepp and the other individuals nor are there other "factual allegations that plausibly suggest entitlement to relief." *Mattioda v. Nelson*, 98 F.4th 1164, 1174 (9th Cir. 2024). Stepp's race discrimination claims are therefore dismissed.

Goodwill argues Stepp failed to exhaust his administrative remedies regarding his claim for disability discrimination. "The specific claims made in district court ordinarily must be presented to the EEOC[,]" or at least be "like or reasonably related to" the EEOC charges or "within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). Stepp's administrative charge contains no indication he was asserting that he was discriminated against based on a disability. (Doc. 21-1 at 6-7.) His disability discrimination claim is therefore dismissed.

Finally, Goodwill argues Stepp's failure to hire/promote claim is not supported by sufficient factual allegations making it plausible he was denied the promotions based on a protected characteristic. The complaint identifies Stepp as a member of a protected class and identifies the job postings for which he was rejected, but there are no supporting factual allegations showing Stepp was qualified for the positions. Nor are there allegations identifying who filled the positions. Merely being rejected for a promotion, on its own, is not enough to push this claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Stepp's failure to respond means the court does not know if he is seeking leave to

amend his complaint. Stepp already amended his complaint once and the present record does not indicate Stepp would be able to remedy the flaws in the current complaint. The court accordingly does not grant to leave to amend at this time. Stepp may file a formal motion to amend if he wishes to amend. Having resolved the motion to dismiss, the parties must submit a Rule 26(f) report.

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 21) is **GRANTED**.

**IT IS ORDERED as follows**:

The parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed **within 4 weeks of the date of this order**. It is the responsibility of plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;
2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);
3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;
4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;
5. The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction;
6. A description of the basis for the Court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of

citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332;

7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;

8. A listing of contemplated motions and a statement of the issues to be decided by those motions;

9. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;

10. The status of any related cases pending before this or other courts;

11. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;

12. A discussion of any issues relating to claims of privilege or work product;

13. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses;

14. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set the Court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The parties must propose the following:

   a. A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline;

   b. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

   c. A deadline for completion of all expert depositions;

   d. A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case;

   e. A deadline for filing dispositive motions;

   f. Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing;

   g. A date by which the parties shall have engaged in face-to-face good faith settlement talks;

        h.     Whether a jury trial has been requested and whether the request for a jury trial is contested, setting forth the reasons if the request is contested;

        i.     Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1;

15.    A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.

**IT IS FURTHER ORDERED** the parties shall file a proposed Case Management Order containing all the proposed dates at the same time they file the Rule 26(f) Case Management Report. The proposed Case Management Order must also be emailed in Word format to Lanham_chambers@azd.uscourts.gov.

**IT IS FURTHER ORDERED** setting a case management conference for **November 25, 2024** at **3:00 p.m.** before District Judge Krissa M Lanham. The conference will be conducted via videoconference. The court will email the videoconference information separately.

Dated this 15th day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge